**In re OGDEN MODULARS, INC., Debtor.**

**Bankruptcy No. 93–43108–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 30, 1997.

A. Thomas DeWoskin, St. Louis, MO, Operating Trustee.

Steven T. Stanton, Edwardsville, IL, for Debtor.

Peter D. Kerth, Clayton, MO, for Curt Ogden.

## ORDER

JAMES J. BARTA, Chief Judge.

The matter being considered here is the motion of Steven T. Stanton ("Applicant") to reconsider the Court's Order dated April 4, 1997 that reduced the amount of fees requested by the Applicant. These determinations and orders are based on a consideration of the record as a whole.

█ The determination of the amount of fees allowed in this matter was based upon a consideration of the full amount requested in the application: $7,325.00 as fees and $173.44 as reimbursement of parking fees and mileage. This gross total did not reflect any reduction as may have been agreed upon by the Applicant. The Court's deductions from the gross amount were based upon the findings and conclusions set out in the April 4, 1997 Order and did not include a specific deduction of the $2,000.00 announced by the Applicant and the United States Trustee. To the extent that the Parties' announcement was a request to approve the $2,000.00 reduction as a settlement, said request will be denied.

█ The denial of fees in this matter was largely for services related to opposition to the complaint to revoke confirmation and to the appointment of an operating trustee, and was not an automatic disallowance of compensation sought by the losing party. The denial was based upon the finding and conclusion that the legal services did not benefit the Debtor, but rather benefited the inter-

ests of officers and insider principals of the Debtor. The motion to reconsider has not presented a basis to support any change to these findings and conclusions.

In the interests of fairness, the Court has reconsidered the request for compensation for travel time. In these circumstances, the Applicant's travel time had been allowed prior to the revocation of the Order of Confirmation, and the Applicant was justified in anticipating such allowance after he became associated with a different law firm. The benefit to the estate resulted from the continuation of legal services without the need for new Counsel to familiarize himself or herself with the proceedings in the case. The value of these services is equal to one-half the hourly rate allowed for other services performed. Based upon the actual travel identified in the fee application, the total travel time was 11.5 hours, and the allowed compensation will be increased by $575.00. Therefore,

**IT IS ORDERED** that the motion of Steven T. Stanton ("Applicant") to reconsider a previous Order of the Court is **GRANTED** in part; and that the Applicant is allowed the additional amount of $575.00 as compensation for legal services rendered in this matter in addition to the amounts previously allowed; and that such additional amount is to be paid as a Chapter 11 expense of administration in this converted Chapter 7 case; and that all other requests in this motion are **DENIED**.